NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NENENG SONIA,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-72025<br><br>Agency No. A096-061-125<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Neneng Sonia, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and grant in part the petition for review, and we remand.

We lack jurisdiction to consider Sonia's request for CAT relief because she did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

With respect to Sonia's asylum and withholding of removal claims, substantial evidence supports the BIA's finding that Sonia's experiences in Indonesia, including threats to burn down the school where she worked during the May 1998 riots, vandalism of a church she attended, and the receipt of phone calls and letters from listeners of her radio show expressing opposition to her teachings, even considered cumulatively, do not constitute past persecution. *See Wakkary*, 558 F.3d at 1059-60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats and one incident of physical violence did not compel a finding of past persecution). In finding that Sonia did not establish a well-founded fear of persecution, the BIA noted that she did not argue that she is eligible for asylum under a disfavored group theory or a pattern or practice theory, and the BIA declined to analyze her claim under those theories. In fact, she raised the pattern or practice argument to the BIA, and we reject the government's argument that Sonia

10-72025

failed to exhaust the disfavored group claim because she effectively argued this theory in her pre-*Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), brief to the BIA.

Accordingly, we grant the petition with respect to Sonia's asylum and withholding of removal claims, and we remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**